Filed 4/12/22  P. v. Flores CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOAQUIN JOSEPH FLORES,<br><br>    Defendant and Appellant. | E077314<br><br>(Super.Ct.No. SWF1900340)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County. Stephen J. Gallon, Judge. Affirmed.

Law Office of Nicolai Cocis and Nicolai Cocis, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Kristin A. Ramirez and Steven T. Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2019, the Riverside County District Attorney charged Joaquin Joseph Flores with 10 counts of lewd and lascivious acts on a minor under the age of 14. (Pen. Code, § 288, subd. (a), unlabeled statutory citations refer to this code.) The charges alleged that from 2009 to 2017 Flores molested the same individual multiple times. Flores proceeded to trial, where a jury convicted him on all 10 counts.

Prior to sentencing Flores requested, and the court ordered, that he be given a mental health examination under section 288.1. In order to facilitate this, the court continued the sentencing hearing. In the meantime, both Flores and the prosecution submitted sentencing briefs, with the prosecution's recommending a 21-year prison sentence. The probation office also filed a report, recommending a sentence of 24 years.

At the sentencing hearing, Flores's attorney informed the court that he'd just learned the psychologist needed more time to complete his report and that waiting for the report might be good cause to continue sentencing. The court denied the request to continue, finding "[t]here is sufficient information for the Court to make its assessment as to all issues in this sentencing." The court stated that "this is a very difficult case," because Flores was a 73-year-old veteran with no other criminal record and that it "thought very much about what . . . to do in this case." However, it also noted "there was extreme trauma on the victim in this case. A position of trust was abused." In addition, the crimes happened "over a long period of time with a very little girl involved. And these are separate, repeated acts, continuing and circling back again and again." Finally, it noted that Flores "has failed to be remorseful or accept responsibility." Thus, "taking

into consideration the repeated acts violated against the victim, over and over, from that position of trust," the court denied probation and sentenced Flores to an aggregate term of 24 years, consisting of six years for the first count and consecutive two-year terms for each additional count.

On appeal, Flores argues the court abused its discretion by denying his request for a continuance. We disagree. "Continuances shall be granted only upon a showing of good cause." (§ 1050, subd. (e).) "The granting or denial of a motion for continuance rests within the sound discretion of the trial court." (*People v. Mickey* (1991) 54 Cal.3d 612, 660.) " 'The party challenging a ruling on a continuance bears the burden of establishing an abuse of discretion, and an order denying a continuance is seldom successfully attacked.' " (*People v. Peoples* (2016) 62 Cal.4th 718, 749.)

Section 288.1 requires a court to obtain a report from a reputable psychiatrist or psychologist as to the defendant's mental condition before it can suspend their sentence and place them on probation. Therefore, the 288.1 report was necessary only to place Flores on probation.

Given the court's decision to deny probation and sentence Flores to prison, a section 288.1 report was not necessary. Therefore, the lack of a section 288.1 report was not good cause for a continuance. However, even if the court erred, we would conclude the error was not prejudicial, as the record is clear that there was very little likelihood the court would have granted probation given the extent and severity of Flores's criminal

3

conduct. Accordingly, denying Flores's request for a continuance was within the discretion of the court and was not an abuse of that discretion.

DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
J.

We concur:

McKINSTER _____
Acting P. J.

FIELDS _____
J.

4